UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO R.A., | |
| Petitioner, | No. 1:26-cv-02726-TLN-SCR |
| v. | A # 095-785-690 |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | **ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Cecilio R.A.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 2) and Motion for Temporary Restraining Order ("TRO") (ECF No. 11).  Respondent filed oppositions.  (ECF Nos. 7, 12.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2]  (ECF No. 2.)  Petitioner's Motion for TRO is DENIED as moot.  (ECF No. 11.)

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    On April 21, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release.  (ECF No. 13.)  This Order explains the Court's reasoning.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a 43-year-old noncitizen who entered the United States without inspection on an unknown date.  (ECF No. 7-1 at 1–2.)  He has resided in this country since at least 2022.  (*Id.* at 2.)  Petitioner is the father of three minor children who are United States citizens and who depend on him for financial support.  (*Id.* at 3; ECF No. 2 at 7.)  Petitioner was employed until a recent accident at work resulted in Petitioner fracturing his right shoulder.  (ECF No. 2 at 7.)  Petitioner underwent surgery and had been receiving treatment until his detention by immigration authorities.  (*Id.*)

On March 30, 2026, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner outside his home in Rancho Cordova.  (*Id.* at 6; ECF No. 7-1 at 2.)  According to the Government's documents, ICE arrested Petitioner because of his immigration status.  (ECF No. 7-1 at 2.)  Immigration authorities subsequently initiated removal proceedings against him.  (*Id.* at 2–3.)  Petitioner was eventually transferred to the Golden State Annex Detention Center.  (ECF No. 11-2 at 2.)  Petitioner was not afforded a bond hearing before or after his arrest.  (ECF No. 2 at 6; ECF No. 7 at 1–2.)

On April 10, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 2.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*Id.* at 17–18.)

## II.  STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 2 at 17–18.) In opposition, Respondent contends Petitioner is subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (ECF No. 7 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### A.    Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause. Petitioner has lived in the United States for at least four years during which

time he built a life working and providing for his three minor, United States citizen children. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

The Court is not persuaded by Respondent's argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondent's position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondent puts forth no new arguments or facts justifying a different conclusion in this case. Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2). Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

B.     Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and

4

the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. As Respondent does not argue Petitioner is a danger to the public or a flight risk, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondent. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds due process requires that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus.

(ECF No. 2.)  IT IS HEREBY ORDERED:

1.      Respondent must IMMEDIATELY RELEASE Petitioner Cecilio R.A. (A # 095-785-690) from custody.  At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release.  **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.      Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.      Petitioner's Motion for TRO is DENIED as moot.  (ECF No. 11.)

4.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: April 21, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE